IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOHNATHAN LEE X SMITH,**

    Plaintiff,

v.                                                 Civil Action No. **3:12CV45**

**UNITED STATES CONGRESS,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Johnathan Lee X. Smith ("Mr. Smith"), a Virginia inmate, has submitted this civil action. The matter is before the Court on Mr. Smith's compliance with the Court's pre-filing injunction and the Court's direction to Mr. Smith to submit a complaint that complies with the joinder requirements of Rule 20.

### I. Procedural History

**A.**     **Mr. Smith's Pre-Filing Injunction**

In order to monitor and curb Mr. Smith's abusive litigation, the Court subjected all of Mr. Smith's litigation to a pre-filing injunction. *See In re Johnathan Lee X. Smith*, 3:96mc06 (E.D. Va. Mar. 13, 1996). A copy of the Memorandum Opinion and Order setting forth the pre-filing injunction is attached hereto. The injunction provides that "[a]bsent a bona fide emergency, Mr. Smith may not maintain more than one action at a time in this court." *Id.* at ¶ 1. The injunction further provides that Mr. Smith must attach to each complaint a separate document entitled "motion for leave to file and certificate of compliance." *Id.* at ¶ 2 (internal quotation marks omitted). In the motion for leave to file and certificate of compliance, Mr. Smith is required, *inter alia*, to:

    ii)    identify by style, date filed and current status, all cases filed by him or in which he has been a plaintiff within the one year period preceding the filing of the certificate as well as the court in which the actions were filed;

    iii)    certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court and set forth why each claim could not have been raised in one of his previous actions;

*Id.* The Court warned Mr. Smith that failure to comply strictly with the above requirements would result in denial of the motion for leave to file. *Id.* at ¶ 3.

On January 19, 2012, the Court received Mr. Smith's original complaint. At that time, Mr. Smith already had another action pending before this Court, *Smith v. Johnson*, No. 3:09CV653 (E.D. Va.). The Court dismissed that case on February 9, 2012, *Smith v. Johnson*, No. 3:09CV653, 2012 WL 442223, at *3 (E.D. Va. Feb. 9, 2012), and then began to process the present action. The Court held in abeyance any ruling on Mr. Smith's Motion for Leave to File and Certificate of Compliance (Docket No. 2) ("Motion for Leave to File") while it attempted to bring Mr. Smith's complaint into compliance with the Federal Rules of Civil Procedure.[1]

### B. The Current Proceedings

In his original complaint, Mr. Smith brought multiple claims against multiple defendants. The original complaint did not comply with Federal Rule of Civil Procedure 20 which provides:

---

[1] The Court doubts that Mr. Smith's current Motion for Leave to File complies with the terms of the pre-filing injunction. For example, in the Motion for Leave to File, Mr. Smith did not list the case of *Smith v. Dillman*, Nos. 7:09cv00097, 7:09cv00462, 2011 WL 322828 (W.D. Va. Jan. 10, 2011). In *Smith v. Dillman*, Mr. Smith suggested he faced an imminent danger of serious physical harm from various ailments, including a vitamin deficiency, *id.* at *5, and Hepatitis C. *Id.* at *2–6. Mr. Smith has raised the same ailments as the basis for claims in his present action. After conducting an evidentiary hearing, the District Court for the Western District of Virginia concluded, "There is no suggestion in the medical records of any imminent danger of serious physical injury facing Smith from his various ailments . . . ." *Id.* at *5; *Smith v. Dillman*, Nos. 7:09cv00097, 7:09cv00462, 2011 WL 322826, at *1 (W.D. Va. Jan. 31, 2011) (adopting Report and Recommendation).

> **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Accordingly, by Memorandum Order entered on April 11, 2012, the Court directed Mr. Smith to submit an appropriate amended complaint that comported with Rule 20. The Court warned Mr. Smith that if he failed to submit an appropriate amended complaint, the Court would drop all defendants not properly joined with the first named defendant.

On May 11, 2012, the Court received Mr. Smith's Amended Complaint. Mr. Smith's Amended Complaint names twenty-one separate individuals and entities as defendants. The Amended Complaint contains thirty-four separate claims for relief. Mr. Smith's disparate claims range from claims for the denial of vitamins (Am. Compl. 2–5), to claims alleging the denial of adequate medical care for Mr. Smith's Hepatitis C condition (*id.* at 6–14), to claims alleging violations of Mr. Smith's constitutional rights and his rights under the Religious Land Use and Institutionalized Person's Act[2] (*id.* at 15–27), to a claim for the denial of adequate medical care for his knee (*id.* at 26).

The first named defendant in the caption of the Amended Complaint is Jones Express Music ("JEM"). JEM is named in conjunction with Claims Twenty through Twenty-Six. Mr. Smith alleges JEM interfered with his rights by obstructing his ability to purchase and/or possess religious recordings. For example, Mr. Smith alleges, *inter alia*, that:

> 3. Defendants, JEM, Jabe, Faith Review Committee, Clarke, Dillman, Gray, and Garman, imposed a substantial burden on Plaintiff's religious exercise by:
> a) effectively preventing him from purchasing, receiving, and possessing CDs of sermons by Minister Farrakhan at GROC [Green Rock Correctional Center] from August 11, 2009, until January 21, 2010,

---

[2] 42 U.S.C. §§ 2000cc *et seq.*

3

    b) effectively [p]reventing him from financially supporting the Nation of Islam by purchasing said CDs from The Final Call, Inc., or some other legitimate vendor under Minister Farrakhan's leadership at GROC from August 11, 2009, until January 21, 2010, and

    c) individiously [sic] discriminating against him by granting other prisoners the right to purchase and receive musical CDs from JEM and denying him the right to purchase and receive CDs of sermons by Minister Farrakhan at GROC from August 11, 2009, until January 21, 2010.

(Am. Compl. 29.) In addition to the above-named defendants, Mr. Smith alleges Defendants Cei, Dabb, Hinkle, Washington, and Everett interfered with his rights to possess religious recordings. (*Id.* at 19–21.)

## II. Analysis

"The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (*quoting Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (*quoting Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (*quoting Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple

defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the [Prison Litigation Reform Act] include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (*citing George*, 507 F.3d at 607). "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees." *Id.* (*citing* 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

Here, Claims One through Nineteen, concerning Mr. Smith's medical care, the constitutionality of § 1915(g), and retaliation against Mr. Smith for filing grievances, do not arise out of the same transaction or occurrence and do not present questions of law and fact common to Claims Twenty through Twenty-Six.[3] Additionally, Mr. Smith fails to coherently articulate how claims Twenty-Seven through Thirty-Four are transactionally related to Claims Twenty

---

[3] In an effort to suggest that his claims of inadequate medical care bear some relation to his RLUIPA claims, Mr. Smith alleges that any denial of appropriate medical care also violated his rights under RLUIPA because such actions "effectively prevent[ed] him from taking care of the Temple of God (Plaintiff's body) by depriving him of an opportunity to undergo the liver biopsy and anti-viral therapy as recommended by the Hepatology Clinic." (Am. Compl. 27, 29.) Mr. Smith does not satisfy the joinder requirements with such frivolous or conclusory allegations. *See Jackson v. Olsen*, No. 3:09cv43, 2010 WL 724023, at *3 (E.D. Va. Mar. 1, 2010) (citing cases for the proposition that a plaintiff cannot satisfy the joinder requirements with a conclusory allegation of a conspiracy).

5

through Twenty-Six. *See Versatile v. Kelly*, 3:11CV308–HEH, 2012 WL 1267896, at *4 (E.D. Va. Apr. 13, 2012) ("[T]he fact that Claim A shares two out of twenty defendants in common with unrelated Claim B and its ten defendants, does not mean that Claim A and Claim B are appropriately united in a single action" (*quoting Ghashiyah v. Frank*, No. 05–C–0766, 2008 WL 680203, at * 2 (E.D. Wis. Mar. 10, 2008))). Accordingly, the action WILL PROCEED ONLY on Claims Twenty through Twenty-Six against Defendants JEM, Jabe, Faith Review Committee, Clarke, Dillman, Gray, Garman, Cei, Dabb, Hinkle, Washington, and Everett. Mr. Smith's remaining claims against the remaining defendants WILL BE DISMISSED WITHOUT PREJUDICE.

### III. Further Proceedings

Mr. Smith has requested leave to proceed *in forma pauperis*. The pertinent statute provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Mr. Smith concedes that he has three strikes under 28 U.S.C. § 1915(g). (Docket No. 7 ¶ 6.)[4] The remaining claims in the Amended Complaint do not indicate that Mr. Smith is in imminent danger of serious physical harm. Accordingly, Mr. Smith's request to proceed *in forma pauperis* will be DENIED. Mr. Smith will be DIRECTED TO SUBMIT the full $350.00 filing fee within eleven (11) days of the date of entry hereof. Mr. Smith's current Motion for Leave (Docket No. 2) will be DENIED WITHOUT PREJUDICE.

---

[4] *Smith v. Dillman*, No. 7:09cv00097, 7:09cv00462, 2011 WL 322826, at *1 n.1 (W.D. Va. Jan. 31, 2011) (listing Mr. Smith's qualifying strikes).

Until he submits the full filing fee, Mr. Smith will be PROHIBITED from filing any document in this action. After Mr. Smith pays the full filing fee, the Court will provide Mr. Smith with directions for submitting a new Motion for Leave to File and Certificate of Compliance with respect to the claims remaining in the Amended Complaint.

An appropriate Order shall issue.

Date: 6-26-12
Richmond, Virginia

/s/
James R. Spencer
United States District Judge