IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNATHAN LEE X SMITH,

    Plaintiff,

v.                                                                           Civil Action No. **3:12CV45**

UNITED STATES CONGRESS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Johnathan Lee X. Smith ("Mr. Smith"), a Virginia inmate, has submitted this civil action. The matter is before the Court on Mr. Smith's compliance with the Court's pre-filing injunction and the Court's direction to Mr. Smith to submit a complaint that complies with the joinder requirements of Federal Rule of Civil Procedure 20.

### I. Procedural History

**A.**     **Mr. Smith's Pre-Filing Injunction**

In order to monitor and curb Mr. Smith's abusive litigation, the Court subjected all of Mr. Smith's litigation to a pre-filing injunction. *See In re Johnathan Lee X. Smith*, 3:96mc06 (E.D. Va. Mar. 13, 1996). A copy of the Memorandum Opinion and Order setting forth the pre-filing injunction is attached hereto. The injunction provides that "[a]bsent a bona fide emergency, Mr. Smith may not maintain more than one action at a time in this court." *Id.* at ¶ 1. The injunction further provides that Mr. Smith must attach to each complaint a separate document entitled "motion for leave to file and certificate of compliance." *Id.* at ¶ 2 (internal quotation marks omitted). In the motion for leave to file and certificate of compliance, Mr. Smith is required, *inter alia*, to:

ii) identify by style, date filed and current status, all cases filed by him or in which he has been a plaintiff within the one year period preceding the filing of the certificate as well as the court in which the actions were filed;

iii) certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court and set forth why each claim could not have been raised in one of his previous actions[.]

*Id.* The Court warned Mr. Smith that failure to comply strictly with the above requirements would result in denial of the motion for leave to file. *Id.* at ¶ 3.

On January 19, 2012, the Court received Mr. Smith's original complaint. At that time, Mr. Smith already had another action pending before this Court, namely, *Smith v. Johnson*, No. 3:09cv653 (E.D. Va.). The Court dismissed that case on February 9, 2012, *Smith v. Johnson*, No. 3:09cv653, 2012 WL 442223, at *3 (E.D. Va. Feb. 9, 2012) and then began to process the present action. The Court held in abeyance any ruling on Mr. Smith's Motion for Leave to File and Certificate of Compliance (ECF No. 2) ("Motion for Leave to File") while it attempted to bring Mr. Smith's Complaint into compliance with the Federal Rules of Civil Procedure.

### B. The Current Proceedings

In his Complaint, Mr. Smith brought multiple claims against multiple defendants. The Complaint did not comply with Federal Rule of Civil Procedure 20 which provides:

> **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Accordingly, by Memorandum Order entered on April 11, 2012, the Court directed Mr. Smith to submit an appropriate amended complaint that comported with Rule 20.

2

The Court warned Mr. Smith that if he failed to submit an appropriate amended complaint, the Court would drop all defendants not properly joined with the first named defendant.

On May 11, 2012, the Court received Mr. Smith's Amended Complaint. Mr. Smith's Amended Complaint failed to comply with Rule 20. *See Smith v. United States Congress*, No. 3:12CV45, 2012 WL 2416647, at *2–3 (E.D. Va. June 26, 2012). Accordingly, by Memorandum Opinion and Order entered on June 26, 2012, the Court dismissed all defendants and claims not properly joined to Jones Express Music ("JEM"), the first named defendant in the caption of the Amended Complaint. *Id.* at *3. The Court allowed Mr. Smith to proceed on Claims Twenty through Twenty-Six against Defendants, JEM, Jabe, Faith Review Committee, Clarke, Dillman, Gray, Garman, Cei, Dabb, Hinkle, Washington, and Everett. *Id.* Claims Twenty through Twenty-Six involved restrictions on Mr. Smith's ability to purchase and possess religious audio recordings.

On August 27, 2012, Mr. Smith paid the full filing fee for the present action. On September 10, 2012, the Court received from Mr. Smith a Motion to Amend and a Proposed Second Amended Complaint. (ECF Nos. 19, 19-1.)

## II. Mr. Smith's Proposed Second Amended Complaint

In the Proposed Second Amended Complaint, Mr. Smith seeks to add three new claims, Claims Twenty-Seven through Twenty-Nine. Mr. Smith fails to name JEM as a defendant with respect to these new claims. The new claims do not involve restrictions on Mr. Smith's ability to purchase and possess religious audio recordings and are not transactionally related to Claims Twenty through Twenty-Six. *See Versatile v. Kelly*, 3:11CV308–HEH, 2012 WL 1267896, at *4 (E.D. Va. Apr. 13, 2012) ("[T]he fact that Claim A shares two out of twenty defendants in common with unrelated Claim B and its ten defendants, does not mean that Claim A and Claim

3

B are appropriately united in a single action" (quoting *Ghashiyah v. Frank*, No. 05–C–0766, 2008 WL 680203, at * 2 (E.D. Wis. Mar. 10, 2008))).

Federal Rule of Civil Procedure 15(a) provides;

> **(1) *Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). "Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted). Mr. Smith's attempts to add transactionally unrelated claims is futile and, given his litigious history, done in bad faith. Accordingly, Mr. Smith's Motion to Amend will be DENIED.

### III. Further Proceedings

Mr. Smith's current Motion for Leave to File (ECF No. 2) fails to comply with the terms of the pre-filing injunction. For example, in the Motion for Leave to File, Mr. Smith did not list the case of *Smith v. Dillman*, Nos. 7:09cv00097, 7:09cv00462, 2011 WL 322828 (W.D. Va. Jan. 10, 2011).[1]

---

[1] In that case, Mr. Smith suggested he faced an imminent danger of serious physical harm from various ailments, including a vitamin deficiency, *Smith*, 2011 WL322828, at *5, and Hepatitis C. *Id.* at *1–4. Mr. Smith had raised the same ailments as the bases for claims in his present action. After conducting an evidentiary hearing, the District Court for the Western District of Virginia concluded, "There is no suggestion in the medical records of any imminent danger of serious physical injury facing Smith from his various ailments . . . ." *Id.* at *5; *Smith v. Dillman*, Nos. 7:09cv00097, 7:09cv00462, 2011 WL 322826, at *1 (W.D. Va. Jan. 31, 2011) (adopting Report and Recommendation).

4

Within fifteen (15) days of the date of entry hereof, Smith MUST FILE a Motion for Leave to File and Certificate of Compliance for Claims Twenty through Twenty-Six in the Amended Complaint. Failure to submit an appropriate Motion for Leave to File and Certificate of Compliance will result in the dismissal of the action. *See* Fed. R. Civ. P. 41(b).

An appropriate Order shall issue.

Date: 6-21-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

5